### No. 80SA82

### The People of the State of Colorado v. Harry Hardie Haddock

(613 P.2d 335)

Decided July 7, 1980.

Linda Donnelly, disciplinary prosecutor.

Harry Hardie Haddock, Pro se.

*En Banc.*

JUSTICE QUINN delivered the opinion of the Court.

Mr. Haddock, you are hereby publicly censured for your unprofessional conduct as attorney for the Estate of Mary Louella Farquhar. You were the respondent in a complaint filed with the Grievance Committee charging you with violating the Code of Professional Responsibility, DR 6-101(A)(3), and you were present and testified at the hearing before the Grievance Committee. The following events led to this public censure.

In March 1966 Robert Collier, nephew of Mary Louella Farquhar, was appointed guardian of the Estate of Mary Louella Farquhar. On February 15, 1972, Mary Louella Farquhar died intestate and Robert Collier, who was then in the military service, retained you to handle legal matters in connection with both the guardian and intestate estates of the decedent, and you knowingly undertook the responsibility for these matters.

On November 12, 1973, Robert Collier signed a motion prepared by you requesting that you be substituted as guardian of the Estate of Mary Louella Farquhar. You petitioned the court for this substitution on July 5, 1974. On August 23, 1974, you filed in the Denver Probate Court a Petition for Letters of Administration and Determination of Heirship. You requested that Vera Hillenkamp be designated as Administratrix. Vera Hillenkamp was 84 years old and did not understand her responsibilities and relied totally upon you for closing the estate. When you failed to close the estate Mrs. Hillenkamp contacted you several times about the estate and you failed to act on her requests.

Commencing in October 1975, Mrs. Gertrude Hubbard, an heir of the decedent, wrote a series of letters to the Denver Probate Court requesting a status report on the estate, and complained that you had not closed the estate and that you had not arranged for distribution of assets to the heirs. You were advised of these complaints by the Clerk of the Probate Court and you failed to respond to Mrs. Hubbard. You were again reminded by the Clerk about Mrs. Hubbard's complaints in February

1976. You wrote Mrs. Hubbard at this time and advised her that the estate would soon be closed. However, you took no action to close the estate.

As a result of your inaction Mrs. Hubbard was required to obtain legal counsel to facilitate the closing of the estate and the distribution of assets. Upon demand of Mrs. Hubbard's attorney for an accounting and for distribution of assets, you responded that the estate would be closed within thirty days. The estate was not closed and, although a distribution of some assets was made in February 1978 to all heirs, shares of General Motors stock were not distributed and no final accounting was made. You testified before the Grievance Committee that your continued inaction in this matter was caused by the loss of a General Motors stock certificate for a considerable period of time and that, after finding the stock certificate in the fall of 1978, you then waited for the stock to increase in value.

The last pleading filed in the estate was in November 1977, when you filed a claim for legal fees for your work on the estate. As of November 1979, when the matter was heard before the Grievance Committee, the Estate of Mary Louella Farquhar had not yet been closed. It was the opinion of an expert in probate matters that the estate should have been closed within eighteen months. Nevertheless, over six years elapsed from your undertaking of responsibility in connection with the guardian and intestate estates of Mary Louella Farquhar until the hearing before the Grievance Committee in November 1979.

The Grievance Committee concluded that you violated DR 6-101(A)(3) and that you should be publicly censured. We agree with this recommendation. In addition, the Grievance Committee found that you were not completely candid and forthright in your explanation of the delay in resolving these estate matters. We also agree with this finding.

DR 6-101(A)(3) of the Code of Professional Responsibility provides that "[a] lawyer shall not . . . [n]eglect a legal matter entrusted to him." You have violated this provision by your neglect in handling the guardian and intestate estates of Mary Louella Farquhar. You are accordingly publicly censured for this neglect of your professional responsibility.

It is ordered that you pay the costs of this proceeding in the amount of $1,091.03 to the Clerk of the Court within ninety days.